# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

| | |
|---|---|
| **RICHARD L. DIXON,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | Civil Action No.   2:16-00780 |
| ) | Criminal Action No. 2:96-00191 |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 889.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 890.)

## FACTUAL BACKGROUND

**1.   Criminal No. 2:96-00191:**

On November 21, 1996, Movant was named in seven counts[2] of a twenty-four count indictment. (Criminal Action No. 2:96-00191, Document No. 1.) Following an eight-day jury trial, Movant was convicted on April 4, 1997, of the following: (1) Engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 (Count One); (2) Conspiracy to possess with

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] In Count Twenty, Movant was charged with knowingly procuring an individual to commit perjury in violation of 18 U.S.C. § 1622. Count Twenty was severed and later dismissed.

1

intent to distribute cocaine base in violation of 21 U.S.C. § 846 (Count Two); (3) Possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Three); (4) Traveling in interstate commerce to promote, carry on or facilitate a business enterprise involving possession with intent to distribute cocaine base in violation of 18 U.S.C. §§ 2 and 1952(a)(3) (Count Sixteen); and (5) Knowingly and intentionally employing, hiring, using, persuading, inducing, or enticing a minor to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 861(a)(1) (Count Seventeen). (Id., Document No. 261.) Movant was acquitted of intimidation of a witness in violation of 18 U.S.C. § 1512(b)(3) (Count Twenty-Four). (Id.) On September 22, 1997, the District Court sentenced Movant to life in prison on Counts One, Two, Three and Seventeen, and five years as to Count Sixteen, which was run concurrent to Movant's life sentence. (Id., Document No. 430.)

Movant filed his Notice of Appeal on September 26, 1997. (Id., Document No. 431.) By Order entered on October 10, 1997, the Fourth Circuit consolidate Movant's appeal with the appeal of his co-defendants. (Id., Document No. 437.) By Per Curiam Opinion entered on October 22, 1998, the Fourth Circuit vacated Movant's conviction and sentence for conspiracy to to possess with the intent distribute cocaine and cocaine base as a violation of the double jeopardy clause, and affirmed Movant's remaining convictions and sentences. United States v. Taylor, 165 F.3d 22 (4th Cir. 1998). Movant did not file a petition for writ of certiorari in the United States Supreme Court.

**2.     First Section 2255 Motion:**

On November 15, 1999, Movant, acting *pro se*, filed a "Petition for a Writ of Habeas Corpus by a Person in Federal Custody," which was assigned Case No. 2:99-cv-01011. (Criminal Action No. 2:96-00191, Document No. 501.) On November 23, 1999, Movant, acting

*pro se*, filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, which was assigned Case No. 2:99-cv-01051. (Id., Document No. 505.) Subsequently, Movant retained counsel. On January 6, 2000, Movant, by counsel, filed an Amended Section 2255 Motion in Case No. 2:99-cv-01011, and Case No. 2:99-cv-01051 was voluntarily dismissed. (Id., Document Nos. 511 and 514.) As grounds for relief in his Amended Motion, Movant asserted that his Fifth and Sixth Amendment rights were violated by trial counsel's failure to request further inquiry of the parties involved in an extra-judicial contact between jurors and a trial witness while the jury was deliberating. (Id., Document No. 511.) The United States filed a Response to Movant's Amended Section 2255 Motion on March 28, 2000. (Id., Document No. 529.) By Proposed Findings and Recommendation entered on August 7, 2000, United States Magistrate Judge Jerry D. Hogg recommended that Movant's Amended Section 2255 Motion be denied. (Id., Document No. 542.) Movant filed his Objections on August 22, 2000. (Id., Document No. 544.) By Order entered on September 6, 2000, United States District Judge Elizabeth V. Hallanan adopted Judge Hogg's recommendation and denied Movant's Amended Section 2255 Motion. (Id., Document No. 545.) On October 20, 2000, Movant filed a Notice of Appeal. (Id., Document No. 557.) On June 7, 2001, the Fourth Circuit denied Movant's certificate of appealability and dismissed his appeal. (Id., Document No. 581.); United States v. Dixon, 11 Fed.Appx. 296 (4th Cir. 2001). On October 1, 2011, the United States Supreme Court denied Movant's petition for writ of certiorari. Dixon v. United States, 534 U.S. 942, 122 S.Ct. 320, 151 L.Ed.2d 239 (2001).

2.      **Request for Authorization to File a Successive Section 2255 Motion:**

On November 4, 2005, Petitioner filed with the Fourth Circuit a Request for Authorization to File a Successive Section 2255 Motion pursuant to 28 U.S.C. § 2244. In re:

3

Richard L. Dixon, Case No. 05-497 (4th Cir. 2005), Document No. 1. By Order filed on December 6, 2005, the Fourth Circuit denied Movant's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. Id., Document No. 7; (Criminal Action No. 2:96-00191, Document No. 737.)

### 3. Motion for Relief from Judgment Pursuant to Rule 60(b):

On February 28, 2006, Movant filed a "Motion for Relief from Judgment." (Id., Document No. 741.) In his Motion, Movant requested relief from the Judgment Order entered on September 9, 2000, denying Movant's Amended Section 2255 Motion. (Id.) Movant argued that "the District Court misapplied the controlling Supreme Court and Fourth Circuit law when it denied [Movant] relief on his Fifth and Sixth Amendment violation claims regarding the extra judicial contact between a witness (a state trooper) and the jurors sitting on the case." (Id.) Movant argued that the District Court erred in failing to conduct an evidentiary hearing. (Id.) By Proposed Findings and Recommendation entered on May 11, 2006, United States Magistrate Judge Mary E. Stanley determined there was no procedural defect in Movant's Section 2255 proceedings, and recommended that Movant's Rule 60(b) Motion be denied. (Id., Document No. 745.) Movant filed his Objections on May 30, 2006. (Id., Document No. 750.) By Memorandum Opinion and Order entered on June 26, 2006, United States District Judge John T. Copenhaver, Jr., adopted Judge Stanley's recommendation and denied Movant's Rule 60(b) Motion. (Id., Document No. 756.) On August 4, 2006, Movant filed his Notice of Appeal. (Id., Document No. 766.) On December 4, 2006, the Fourth Circuit denied Movant's certificate of appealability and dismissed his appeal. United States v. Dixon, 208 Fed.Appx. 257 (4th Cir. 2006). On January 22, 2007, Movant filed a Petition for Rehearing with the Fourth Circuit. United States v. Dixon, Case No. 06-7526 (4th Cir. 2007), Document No. 16. By Order filed on March 5, 2007, the

Fourth Circuit denied Movant's Petition for Rehearing. Id., Document No. 20. On October 1, 2007, the United States Supreme Court denied Movant's petition for writ of certiorari. Dixon v. United States, 552 U.S. 933, 128 S.Ct. 327, 169 L.Ed.2d 231 (2007).

**4.      Section 3582 Motions:**

On March 4, 2009, Movant, acting *pro se*, filed Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) arguing that he was entitled to a sentence reduction based upon the reduction in Sentencing Guidelines. (Criminal Action No. 2:96-00191, Document No. 823.) By Memorandum Opinion and Order filed on June 29, 2006, Judge Copenhaver denied Movant's Section 3582(c)(2) Motion. (Id., Document No. 827.) On July 13, 2009, Movant filed a Motion for Reconsideration of the above Memorandum Opinion and Order. (Id., Document No. 828.) By Memorandum Opinion and Order filed on March 16, 2010, Judge Copenhaver denied Movant's Motion for Reconsideration. (Id., Document No. 831.) On April 8, 2010, Movant filed his Notice of Appeal. (Id., Document No. 833.) By Per Curiam Opinion entered on October 1, 2010, the Fourth Circuit affirmed the District Court's orders. United States v. Dixon, 396 Fed.Appx. 909 (4th Cir. 2010).

On October 29, 2013, Movant, acting *pro se*, filed a Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) arguing that he was entitled to a sentence reduction based upon the reduction in Sentencing Guidelines. (Criminal Action No. 2:96-00191, Document No. 855.) On May 9, 2014, Movant filed a Supplement to his Motion. (Id., Document No. 858.) By Order entered on July 2, 2014, the Court appointed the Federal Public Defender's Office to represent Movant and directed the United States to file a Response to Movant's above Motion. (Id., Document No. 860.) On July 9, 2014, the United States filed its Response arguing that Movant was not eligible for a sentence reduction. (Id., Document No. 862.) On August 29, 2014,

Movant, acting *pro se*, filed a "Supplement to his Federal Rule of Criminal Procedure 36 and Defendant Moves Under Amendment 505." (Id., Document No. 868.) On September 4, 2014, Movant, by counsel, filed Movant's Reply Memorandum. (Id., Document No. 870.) On September 8, 2014, Movant filed his *pro se* Reply. (Id., Document No. 871.) By Order entered on October 31, 2014, the Court directed the United States to file a Response to Movant's Supplement and Reply. (Id., Document No. 873.) On November 25, 2014, the United States filed its Response acknowledging that "defendant appears to be eligible for guideline reduction amendments." (Id., Document No. 876.) On December 9, 2014, Movant filed additional documentation in support of his Section 3582 Motion. (Id., Document No. 877.) On February 25, 2015, Movant filed his "Motion Amending Pending Motion 3582(c)(2)." (Id., Document No. 878.) By Memorandum Opinion and Judgment Order entered on April 10, 2015, Judge Copenhaver determined that Movant was eligible for a sentence reduction pursuant to the 2011 and 2014 guideline amendments. (Id., Document No. 882.) Judge Copenhaver reduced Movant's life sentence to 328 months of imprisonment. (Id., Document Nos. 882 and 883.)

5. **Second Section 2255 Motion:**

On January 26, 2016, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 2:16-00780, Document No. 889.) As grounds for *habeas* relief, Movant argues that the District Court improperly enhanced his sentenced by two levels pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. (Id.) Movant contends that his sentence was improperly enhanced based upon untried and acquitted conduct (Counts Twenty and Twenty-Four). (Id.) First, Movant notes that he was initially charged with knowingly procuring an individual to commit perjury in violation of 18 U.S.C. § 1622 (Count Twenty). (Id.) Movant explains that "Count Twenty was

severed from defendant's initial trial, to be set for a later trial." (Id.) Second, Movant explains that he was acquitted of the charge of intimidation of a witness in violation of 18 U.S.C. § 1512(b)(3) (Count Twenty-Four). (Id.) Movant, however, complains that the District Court applied a two-level obstruction of justice enhancement based upon Movant's alleged intimidation of witnesses and procuring of false testimony. (Id.) Movant further states that in charging Movant with violating 18 U.S.C. § 1512(b)(3), Count Twenty-Four of the Indictment used the specific language of "persuade," instead of "intimidation." (Id.) Thus, Movant states that "intimidation was not alleged in the indictment or submitted to the jury." (Id.) Movant, therefore, contends that the District Court improperly enhanced his sentence for obstruction of justice based upon a finding that Movant "intimidated" witnesses. (Id.)

Finally, Movant argues that the Court should consider his Section 2255 Motion in light of Panetti v. Quarterman, 551 U.S. 930, 942-47, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), Martinez v. Ryan, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and Arizona v. Fulminante, 499 U.S. 279, 310, 111 S.Ct. 246, 113 L.Ed.2d 302 (1991). (Id.) Citing Panetti, Movant argues that that his Section 2255 Motion should not be denied as successive. (Id.) In support, Movant argues that any claims concerning Count Twenty would have been premature because evidence concerning Count Twenty "was not admitted at trial or available for the record for any type of review." (Id.) Movant contends that "[t]he Sentencing Factor from Count Twenty wasn't ripe for review at the time of sentencing or direct appeal review." (Id.) Citing Martinez, Movant argues that he "can show 'cause' to excuse his procedural default" because he received ineffective assistance of counsel concerning his trial and direct appeal. (Id.) Citing Arizona, Movant argues that the "Sentencing Court's imposition of 2 levels for a U.S.S.G. 3C1.1 Obstruction sentencing factor amounted to structural error." (Id.) Movant explains that "structural error" occurred

7

because the Court enhanced his sentence based upon facts underlying Count Twenty, which resulted in him being tried without counsel as to Count Twenty. (Id.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and

8

prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

1. **Successive:**

The undersigned finds Movant's Section 2255 Motion to be a successive proceeding under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Movant does not contend that his Motion falls under either the category of newly discovered evidence or new rule of constitutional law. Nevertheless, this Court need not reach the issue of whether Movant's Motion actually contains newly discovered evidence or

presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A). Movant has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion. In fact, Movant has been denied authorization to file a successive Section 2255 Motion on at least one occasion. See In re: Richard L. Dixon, Case No. 05-497 (4th Cir. 2005). A second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Movant's Motion should be dismissed because Movant has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[3] The undersigned declines to construe and transfer Movant's Section 2255 Motion as a Request for Authorization to File a Successive Motion to the Fourth Circuit Court of Appeals because Movant does not demonstrate that his Motion contains newly discovery evidence or a new rule of constitutional law made

---

[3] Notwithstanding the foregoing, the undersigned will briefly consider Movant's claim that his sentence was improperly enhanced by two-levels for obstruction of justice. Specifically, Movant argues that the District Court erred by enhancing his sentence based upon untried conduct (Count Twenty) and acquitted conducted (Count Twenty-Four). It is well established, however, that conduct underlying dismissed counts, uncharged conduct, and acquitted conduct can be used as relevant conduct in determining a defendant's base offense level. *United States v. Jones*, 31 F.3d 1304, 1316 (4th Cir. 1994)(The sentencing court may consider conduct underlying dismissed charges as relevant conduct in determining the appropriate sentence under the federal sentencing guidelines); *also see United States v. Miranda*, 381 Fed.Appx. 258, * 1 (4th Cir. 2010)(citing Jones, 31 F.3d at 1316)(finding the district court did not err by including as relevant conduct the drug quantities included in the dismissed charges); *United States v. Barber*, 119 F.3d 276, 283-84 (4th Cir. 1997)(rejecting defendant's argument that the court could not rely upon uncharged or dismissed conduct in determining the guideline range); *United States v. Batchelor*, 2015 WL 4602319, * 3 (W.D.Va. July 30, 2015)("[I]t is well established that a sentencing court can use relevant conduct, even from dismissed or acquitted counts, in fashioning a sentence.

retroactive to cases on collateral review.

2.  ***Panetti*, *Martinez*, and *Arizona* are Inapplicable:**

To the extent Movant argues that Court should consider his Section 2255 Motion in light of Panetti v. Quarterman, 551 U.S. 930, 942-47, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), Martinez v. Ryan, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and Arizona v. Fulminante, 499 U.S. 279, 310, 111 S.Ct. 246, 113 L.Ed.2d 302 (1991), the undersigned finds that such cases are inapplicable to the instant case. In Panetti, the United States Supreme Court stated that "Congress did not intent the provisions of [AEDPA] addressing 'second or successive' habeas petitions to govern a filing in the unusual posture presented here: a § 2254 application raising a *Ford*-based incompetency claim filed as soon as that claim is ripe." Panetti, 551 U.S. at 931, 945, 127 S.Ct. at 2845, 2853. A *Ford*-based incompetency claim arises when an inmate argues that he is incompetent to be executed. Id. The Court explained that "[a]n empty formality requiring prisoners to file unripe *Ford* claims neither respects the limited legal resources available to the States nor encourages the exhaustion of state remedies." Id. 551 U.S. at 946, 127 S.Ct. at 2854. In the instance case, Movant appears to seek to expand the holding of Panetti by arguing that his *habeas* claim is not successive because his sentencing enhancement claim was premature at the time of his sentencing and direct appeal. The undersigned, however, rejects Movant's argument. Clearly, Movant's case is not one presenting the "unusual posture" of a Section "2254 application raising a *Ford*-based incompetency claim filed as soon as the claim is ripe." Furthermore, the undersigned finds that Movant's challenge to the obstruction of justice enhancement was not premature at the time of sentencing or direct appeal. Movant was clearly aware of the relevant conduct used to enhance his sentence at the time of sentencing and

his direct appeal.[4] Although Movant argues that his claim was premature, Movant acknowledges that he objected at sentencing to the obstruction of justice enhancement (Objections 28 and 31) as contained the in the Presentence Report. (Civil Action No. 16-00780, Document No. 889, p. 10.)

Next, Movant relies upon Martinez v. Ryan. In Martinez, the United States Supreme Court held that AEDPA did not bar a state petitioner from using ineffective assistance of post-conviction counsel to establish "cause" for his procedural default. Martinez v. Ryan, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). The undersigned, however, finds that the foregoing case is inapplicable. As stated above, Movant's current Section Motion should be dismissed because it is second or successive. Whether Movant's current *habeas* claim would be procedurally defaulted is irrelevant.

Finally, Movant relies upon Arizona v. Fulminate. In Arizona, the United States Supreme Court held that the harmless-error rule is applicable to the admission of involuntary confessions. Arizona v. Fulminante, 499 U.S. 279, 310, 111 S.Ct. 246, 113 L.Ed.2d 302 (1991). The Supreme Court explained that the "admission of such a confession is a 'trial error,' which occurs during a case's presentation to the trier of fact and may therefore be quantitatively assessed in the context

---

[4] The Presentence Report reveals that Movant received a two level enhancement for obstruction of justice based upon the following: "There is evidence in the record that Mr. Dixon willfully attempted to obstruct the administration of justice during the investigation and prosecution of the instant offense. Specifically, there is evidence that the defendant procured false testimony before the United States Magistrate Judge and engaged in pre-arrest attempts to intimidate possible witnesses." (Criminal Action No. 2:96-00191, Document No. 429, p. 17.) Movant objected to the enhancement, and the Probation Officer responded as follows: "Craig Carter was prosecuted for perjuring himself after being recruited by the defendant to provide false testimony before the United States Magistrate Judge. Additionally, the record reflects the defendant attempted to intimidate possible witnesses including Susan Scott, Charles Foster and Leviticus Hobbs." (*Id.*, p. 35.)

of other evidence presented in order to determine whether its admission is harmless beyond a reasonable doubt." Id. The Supreme Court further stated that a "trial error differs markedly from violations that are structural defects in the constitution of the trial mechanism and thus defy analysis by harmless-error standards." Id. The Supreme Court recognized that the following are structural defects that affect the trial from beginning to end that defy analysis by a harmless-error standards: the total deprivation of the right to counsel, the denial of an impartial judge, the unlawful exclusion of members of the defendant's race from a grand jury, the right to self-representation at trial, and the right to a public trial. Id. The undersigned finds that the foregoing case is inapplicable. A determination concerning whether a harmless-error standard would have applied to Movant's challenge concerning the two-level sentencing enhancement for obstruction of justice is irrelevant as the undersigned has determined that Movant's Section 2255 Motion is successive.

Based upon the foregoing, the undersigned finds that Movant is not entitled to *habeas* relief based upon Panetti, Martinez, or Arizona.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 889.), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver,

Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: October 12, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge