UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

RICHARD L. DIXON,

    Movant,

v.                      CIVIL ACTION NO: 2:16-cv-00780
                        (Criminal No. 2:96-cr-00191)

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court is movant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. Magistrate Judge Omar J. Aboulhosn submitted his Proposed Findings and Recommendation ("PF&R") on October 12, 2017, recommending that the motion be denied. Movant filed objections to the PF&R on October 27, 2017, and November 14, 2017.

    I.    Factual Background

The facts of the case are summarized in the PF&R and so only a brief recapitulation of those facts, relevant to the disposition, is provided. In 1997, movant was convicted of several offenses, related to his role in a drug distribution conspiracy. His convictions and sentences were affirmed on appeal by the United States Court of Appeals for the Fourth

Circuit on October 22, 1998, except for a conspiracy charge dismissed on double jeopardy grounds. United States v. Taylor, 165 F.3d 22 (4th Cir. 1998).

In November 1999, he filed his first Section 2255 motion, which was amended on January 6, 2000 and then denied by this court, by the sentencing judge, Hon. Elizabeth V. Hallanan, on September 6, 2000. On June 7, 2001, the Fourth Circuit denied movant's certificate of appealability and dismissed his appeal. United States v. Dixon, 11 Fed. Appx. 296 (4th Cir. 2001). On December 6, 2005, the Fourth Circuit denied movant's request to file a second Section 2255 application. In Re: Richard L. Dixon, Case No. 05-497 (4th Cir. 2005), Document No. 7.

On April 10, 2015, the court reduced movant's life sentence to 328 months of imprisonment, based on a general reduction in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). In the pending motion, movant argues that his original sentence was improperly enhanced by two levels for obstruction of justice, based on untried and acquitted conduct. He objected to the enhancement at the time of sentencing but did not raise the issue either on appeal or in his first Section 2255 motion.

II. Discussion

While movant makes several objections, the threshold question identified in the PF&R is whether his motion is admissible at all as a second or successive motion. The Antiterrorism and Effective Death Penalty Act of 1996 mandates that if a defendant has already filed one motion for collateral relief to vacate, set aside, or correct a sentence, a

> second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> 28 U.S.C. § 2255(h).

Neither newly discovered evidence nor a new rule of constitutional law is presented by movant.

Magistrate Judge Aboulhosn aptly noted that this motion cannot be considered because it is "second or successive" within the meaning of the statute, it has not been certified by the Fourth Circuit, and none of the movant's suggested exceptions sanctioned by the United States Supreme Court in

**Panetti**, **Martinez** and **Arizona** apply.[1] In doing so, the magistrate judge dealt thoroughly and accurately with the same matters that are now presented as objections by the movant. Consequently, these issues need not be further addressed.

Accordingly, the objections are overruled, the Proposed Findings and Recommendation is adopted, and the motion under Section 2255 is denied. The court, accordingly, ORDERS that this action be, and it hereby is, dismissed from the docket.

The Clerk is requested to transmit this memorandum opinion and order to the movant, counsel of record, and United States Magistrate Judge Omar J. Aboulhosn.

DATED: December 1, 2017

John T. Copenhaver, Jr.
United States District Judge

---

[1] Panetti v. Quarterman, 551 U.S. 930, 942–47 (2007); Martinez v. Ryan, 566 U.S. 1 (2012); Arizona v. Fulminante, 499 U.S. 279, 310 (1991).